May 20, 2014

Mr. J. Paul Oxer, Chair
Governing Board
Texas Department of Housing and
    Community Affairs
Post Office Box 13941
Austin, Texas 78711-3941

Opinion No. GA-1060

Re: Authority of the Texas Department of Housing and Community Affairs over implementation of the at-risk development set-asides under the low income housing tax credit program in Government Code sections 2306.6702(a)(5) and 2306.6714 (RQ-1167-GA)

Dear Mr. Oxer:

You ask whether the governing board of the Texas Department of Housing and Community Affairs ("TDHCA") is authorized to treat certain housing developments as eligible to receive a tax credit that has been set aside for "at-risk developments" under Government Code section 2306.6714.[1] You explain that TDHCA administers the state's low income housing tax credit program[2]—governed by chapter 2306, subchapter DD, of the Government Code—under which tax credits are competitively awarded to developers of low income housing. Request Letter at 1; *see generally* TEX. GOV'T CODE ANN. §§ 2306.6701–.6735 (West 2008 & Supp. 2013). You state that subchapter DD "provides for the establishment of certain set-asides." Request Letter at 1. A "set-aside" is defined under chapter 2306 as "a reservation of a portion of the available housing tax credits to provide financial support for specific types of housing . . . or serve specific types of applicants." TEX. GOV'T CODE ANN. § 2306.6702(a)(14) (West Supp. 2013). Your question concerns the set-aside for "at-risk developments" under section 2306.6714. *See id.* § 2306.6714(a).

As background, you explain that the United States Department of Housing and Urban Development created the Rental Assistance Demonstration ("RAD") program, by which a "public housing annual operating subsidy . . . under Section 9 of the United States Housing Act

---

[1]*See* Letter from Mr. J. Paul Oxer, Chair, Tex. Dept. of Housing & Cmty. Affairs, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Nov. 13, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]Federal law provides for the allocation and awarding of federal tax credits at the state level to developers of low income housing. *See generally* 26 U.S.C.A. § 42 (West Supp. 2013).

of 1937 . . . converts to a rental subsidy under Section 8 of the Act." Request Letter at 1. You describe TDHCA's belief that "many of the [public housing authorities] in Texas will be seeking to convert operating subsidies [to rental subsidies] under the RAD program." *Id.* at 2. Your question is whether TDHCA may, as the administrator of the low income housing tax credit program, treat public housing developments undergoing a RAD conversion as eligible to compete for the at-risk set-aside under section 2306.6714. *Id.*

Like the courts, when construing a statute we seek to draw the Legislature's intent from the statute's plain language. *See Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). Section 2306.6714 provides in relevant part:

> (a)      [TDHCA] shall set aside for eligible at-risk developments not less than 15 percent of the housing tax credits available for allocation in the calendar year.
>
> (a–1)    An at-risk development described by Section 2306.6702(a)(5)(B) is eligible for housing tax credits set aside under Subsection (a) if:
>
> > (1)     a portion of the public housing operating subsidy received from [TDHCA] is retained for the development; and
> >
> > (2)     a portion of the units of the development are reserved for public housing as specified in the qualified housing plan.

TEX. GOV'T CODE ANN. § 2306.6714 (West Supp. 2013). Subsection (a) provides that tax credits shall be set aside for "eligible at-risk developments." *Id.* § 2306.6714(a). Subsection (a–1) then imposes conditions for eligibility on "[a]n at-risk development described by Subsection 2306.6702(a)(5)(B)." *Id.* § 2306.6714(a–1). Subsection 2306.6702(a)(5) contains two possible definitions of "at-risk development" that are differentiated by the form of federal subsidy assistance a development receives. *See id.* § 2306.6702(a)(5)(A) (describing, in part, a development that receives federal subsidy under Section 8); (a)(5)(B) (describing, in part, a development that receives or has received federal subsidy under Section 9).

Subsection 2306.6714(a–1) limits the eligibility of subsection 2306.6702(a)(5)(B) developments, but it does not affect, much less eliminate, the eligibility of subsection 2306.6702(a)(5)(A) developments. Thus, a development that undergoes a RAD conversion and no longer satisfies subsection 2306.6702(a)(5)(B) would still be eligible for the at-risk set-aside if it satisfied subsection 2306.6702(a)(5)(A).

As the administering agency of the low income housing tax credit program, TDHCA has discretion to determine whether a development has satisfied the eligibility requirements for competing for a set-aside. *Id.* §§ 2306.6701 (West 2008), .67022 (West Supp. 2013). A development is an at-risk development under subsection 2306.6702(a)(5)(A) if it "has received

the benefit of a subsidy in the form of a . . . rental subsidy, [or] Section 8 housing assistance payment." *Id.* § 2306.6702(a)(5)(A)(i). If TDHCA determines that a development undergoing a RAD conversion has received assistance under section 8 of the Act and consequently is eligible for the at-risk set-aside, a court is not likely to disturb that determination. *See R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future and Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011) (stating that courts will generally uphold a state agency's interpretation of a statute it is charged with administering, so long as the construction is reasonable and not contrary to the statute's language).

## S U M M A R Y

A court would likely conclude that it is within the authority of the Texas Department of Housing and Community Affairs ("TDHCA") to consider a development undergoing a conversion pursuant to the United States Department of Housing's Rental Assistance Demonstration program as eligible to compete for the at-risk set-aside under Government Code section 2306.6714 if TDHCA determines that all applicable eligibility requirements have been satisfied.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Stephen L. Tatum, Jr.
Assistant Attorney General, Opinion Committee